WRIT NOS. W10-01183-J(G) & W10-01184-J(F)   77,138-34,35

EX PARTE

SENRICK WILKERSON

IN THE COURT OF CRIMINAL APPEALS IN

AUSTIN, TEXAS
COURT OF CRIMINAL APPEALS

MOTION REQUESTING TO REVERSE CONVICTION FOR NEVER
TAKEN TO A MAGISTRATE; VIOLATION OF ARTICLE 15.17

RECEIVED IN
JUN 12 2015

Abel Acosta, Clerk

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, SENRICK WILKERSON, the APPLICANT in the styled above number cause, and files this his, motion pro se, requesting to reverse conviction for never taken to a magistrate, violating Article 15.17 Code of Criminal Procedure, respectfully showing to the court as follows:

I.

Applicant was never once taken before a magistrate, never once given any opportunity to post bail, never informed of any rights to an examining trial or counselor, never arrested, never arraigned, and never once participated in any first preliminary inital appearances, for F10-01183 Sexual Performance by a Child & F10-01184 Sexual Assault on a Child, as is required by Texas Law. See Art. 15.17 Code Crim. Proc.; Sanders V. City of Houston S.D. Tex. 1982, 543 F. Supp. 694; Perry V. Jones C.A. 5 (Tex.) 1975, 506 F. 2d 778.

II.

In the Texas State Counsel for Offenders Legal Handbook, Chapter 4-Writ of Habeas Corpus, page 86; under 4.8 Questions Offenders often ask specifically show the following:

No. 3: "CAN I GET MY CONVICTION REVERSED SINCE I WAS NEVER TAKEN TO A MAGISTRATE?"

Answer: "Even though it is required that every arrest suspect be advised of his rights and be taken before a magistrate, the failure by police to follow such rules results in reversible error only if an involuntary confession or illegally seized evidence is obtained as a direct result of such failure. Gerstein V. Pugh, 420 U.S. 103, 95 S. Ct. 854 (1975); Perry V. Texas, 456 F. 2d 879 (5th Cir. 1972)."

It must be repeated under penalty of perjury that Applicant was never once arrested, and never once arraigned for cause Nos. F10-01183 and F10-01184.

DECLARATIONS OF SENRICK WILKERSON

"I, Senrick Wilkerson, TDCJ NO. 1885146, do state that these

following facts are true in the above cases:

I was never once arrested and never once arraigned for cause Nos. FIO-01183 & FIO-01184, despite of these following four (4) different fraudulently falsified arrest dates that are shown by Dallas County District Clerk's office:

1. The JUDGMENT OF CONVICTION BY JURY & NOTICE OF DISPOSITION documents show the arrest date as 9/7/2008.

2. U.S. magistrate judge Jeff Kaplan stated that I was arrested in September of 2010; See 3:11-CV-00659-B, page ID 53.

3. The Judicial Information & Criminal History Records documents show an arrest date as 12/17/2010.

4. The copies arrest warrants show the arrest date as Dec. 23, 2010.

The State cannot produce any Arrest Reports, offense reports, probable cause info., police investigation info., grand jury minutes, magistrate minutes, arraignment info., or first preliminary initial appearance information for cause Nos. FIO-01183 & FIO-01184. Therefore, the State never had any jurisdiction over both fraudulently falsified cases above. The Records are totally incomplete, and the indictments were fraudulently forged by prosecutor Brooke B. Grona-Robb.

I, Senrick Wilkerson, being presently illegally incarcerated in the Ramsey I Unit, declare under penalty of perjury, that the facts stated above are true."

III.

It must be repeated that Dallas County District Attorney's office is showing four (4) different fraudulently falsified arrest dates from FIO-01183 Sexual Performance by a Child & FIO-01184 Sexual Assault on a Child. But the State can not produce any probable cause; any complaint affidavits; any police investigations; any arrest reports; any arraignment information; and any first preliminary initial appearances for both tainted and falsified sex offenses, as is required by Texas Law. Tex. Code Crim. P. Ann art. 15.17 requires that an arrested person shall without unnecessary delay be taken before some magistrate of the county in which the arrest takes place; this duty is to be performed by the person making the arrest, or he shall have it done. A failure of the arresting officer in this regard may give rise to an action for false imprisonment. See Moore V. State 149 Tex.Crim. 229, 193 S.W. 2d 204 (1946); Heath V. Boyd 141 Tex. 569, 175 S.W. 2d 214 (1943); King V. Roberts 49 S.W. 2d 991 (1932), 125 Tex. 623, 84 S.W. 2d 718. Relief must be granted.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that the Court of Criminal ORDER a reversal for Applicant never once being arrested, never once being arraigned, and never once been taken before any magistrate judge for cause NOS. F10-01183 & F10-01184.

Respectfully submitted,

SENRICK WILKERSON (PRO SE)
TDCJ No. 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2015, the foregoing document has been U.S. mailed to: Court of Criminal Appeals, P.O. Box 12308, Austin, Texas 78711.

SENRICK WILKERSON

Pag 3 of 3